UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ANDREW SCHLESINGER                                CIVIL ACTION

VERSUS                                            NO: 13-5829

W.L. & R, INC.                                    SECTION: "H"(5)


ORDER AND REASONS

Before the Court is a Motion to Strike Affirmative Defenses (R. Doc. 10) filed by Plaintiff Andrew Schlesinger.  For the following reasons, the Motion is GRANTED IN PART, and Defendant W.L. & R Inc.'s Third and Fifteenth affirmative defenses are hereby STRICKEN from its answer.

BACKGROUND

This is a civil action for declaratory and injunctive relief under Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.*  Defendant answered the complaint and asserted several affirmative defenses.  Plaintiff moves this Court to strike Defendant's First, Second, Third, Twelfth,

1

Fifteenth, and Sixteenth affirmative defenses.

## LEGAL STANDARD

Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense is subject to the notice pleading standards in Rule 8 and must therefore be pleaded "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). A motion to strike under Rule 12(f) is a "drastic remedy" that should be used sparingly. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). Thus, "even when technically appropriate and well-founded," a motion to strike should not be granted unless the moving party demonstrates prejudice. *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (internal quotation marks omitted); *accord Diesel Specialists, LLC v. MOHAWK TRAVELER M/V*, Nos. 09–2843, 11–1162, 2011 WL 4063350, at *1 (E.D. La. Sept. 13, 2011). Whether to grant a motion to strike is committed to the trial court's sound discretion. *Who Dat, Inc. v. Rouse's Enters., LLC*, No. 12–2189, 2013 WL 395477, at *2 (E.D. La. Jan. 31, 2013).

## LAW AND ANALYSIS

Defendant consents to dismissal of his Second affirmative defense. Accordingly, the Court

focuses its analysis on Defendant's First, Third, Twelfth, Fifteenth, and Sixteenth Affirmative defenses. As explained more fully below, only the Fifteenth affirmative defense will be stricken from the answer.

Defendant's First affirmative defense provides as follows: "The Complaint fails to state a claim, right, and/or cause of action against the Respondent upon which relief can be granted." The Third affirmative defense is similar: "The Court is without jurisdiction as to all claims asserted by Plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States Statute." Thus, as both parties agree, these affirmative defenses challenge the legal sufficiency of Plaintiff's complaint.

There is no consensus among lower courts as to whether failure to state a legally cognizable claim is properly pleaded as an affirmative defense. *Compare Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) (finding failure to state a claim is not an affirmative defense), *and Lemery v. Duruso*, No. 4:09CV00167 JCH, 2009 WL 1684692, at *3 (E.D. Mo. June 16, 2009) (same), *with Lane v. Page*, 272 F.R.D. 581, 594 (D. N.M. 2011) (finding failure to state a claim properly pleaded as affirmative defense), *and Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 945 (N.D. Cali. 2012) (same). The Fifth Circuit has not yet addressed this issue. But at least two other Sections of this Court have. Each has held that failure to state a claim is cognizable as an affirmative defense. *See Schlosser v. Metro. Prop. & Cas. Ins. Co.*, No. 12–1301, 2012 WL 3879529, at *3 (E.D. La. Sept. 6, 2012); *Schlesinger v. Hasco Thibodaux, LLC*, No. 13–6237,

3

2014 WL 527657, at *2 (E.D. La. Feb. 7, 2014). The Court finds the reasoning of its sister courts persuasive and holds that Defendant's Rule 12(b)(6) defenses are properly pleaded.

But even assuming *arguendo* Defendant cannot assert a Rule 12(b)(6) defense as an affirmative defense, Plaintiff has failed to demonstrate the requisite prejudice. If anything, informing counsel that a dispositive motion may be forthcoming actually *aids* the prosecution of a plaintiff's case.

Defendant's Twelfth affirmative defense provides as follows: "Defendant avers that the claims in the lawsuit levied against them [sic] are frivolous, groundless and/or unreasonable, and as such as, they [sic] are entitled to an award against the Plaintiff for all attorney fees and costs expended in this matter." Although this defense is conclusory and fails to satisfy the notice pleading requirements of Rule 8, Plaintiff has not demonstrated that failure to strike would be prejudicial. *See Abene*, 802 F. Supp. 2d at 723–24 (finding affirmative defense inadequately pleaded but declining to strike due to lack of prejudice).

In its Fifteenth affirmative defense, Defendant "asserts all affirmative defenses that are alleged and are available to all parties in this matter." In addition to needlessly re-urging its previous affirmative defenses, Defendant purports to assert all other affirmative defenses not pleaded. Clearly, a defendant cannot assert an affirmative defense without actually asserting it. Furthermore, allowing this type of blanket affirmative defense would inject uncertainty into the pleadings and would surely prejudice Plaintiff. Accordingly, the Fifteenth affirmative defense is

stricken.

Defendant's Sixteenth affirmative defense reads as follows: "Respondent hereby reserves his [sic] right to supplement and amend this Answer and add additional affirmative defenses as discovery and the factual developments in this matter warrant." The Court cannot conceive of any possibly way this defense will prejudice Plaintiff. Defendant is advised, however, that it may not file a supplemental answer without first obtaining leave of Court. *See* Fed. R. Civ. P. 15(a).

## CONCLUSION

For the reasons previously stated, the Motion to Strike is GRANTED IN PART, and Defendant's Third and Fifteenth affirmative defenses shall be stricken from the record.

New Orleans, Louisiana, this 20th day of February, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

5